■ ROBERT R. MATTHEWS et al., Appellants, v THOMAS G. LENDACKY, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (Benson, J.), dated April 16, 1987, which denied their motion pursuant to CPLR 4404 to set aside a jury verdict apportioning 80% of the fault in the happening of the accident to the plaintiff Robert R. Matthews and 20% of the fault in the happening of the accident to the defendant Thomas G. Lendacky, and finding that Robert R. Matthews sustained damages in the sum of $5,000 while the plaintiff Patricia A. Matthews sustained no damages, and (2) judgment of the same court, dated September 29, 1987, entered upon that jury verdict, which is in favor of the plaintiff Robert R. Matthews in the principal sum of $1,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof which awarded the plaintiff Robert R. Matthews $1,000, and substituting therefor a provision granting the plaintiff Robert R. Matthews a new trial with respect to damages only, unless the defendant shall serve and file in the office of the Clerk of the Supreme Court, Dutchess County, a written stipulation consenting to increase the verdict as to damages of the plaintiff Robert R. Matthews to $50,000, and to increase the damages payable by the defendant to the principal sum of $10,000, which represents his proportionate share of the fault, and to the entry of an amended judgment accordingly; as so modified,

the judgment is affirmed, with costs to the plaintiffs; in the event that the defendant so stipulates, then the judgment, as so increased and amended, is affirmed, with costs to the plaintiffs; and it is further,

Ordered that the defendant's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We find that the apportionment of 80% of the fault to the plaintiff Robert R. Matthews was not against the weight of the evidence. The jury could have reasonably concluded that it was his action in not yielding the right-of-way to the defendant at the intersection that was the major cause of the motor vehicle accident (see, Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129).

We do, however, conclude that the jury's award of damages to the plaintiff Robert R. Matthews was inadequate to the extent indicated herein.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.